### James Viles, Edward F. Robbins and James Viles, Jr., v. Albert Stantesky.

1. RES IPSA LOQUITUR—*Application of the Doctrine.*—The doctrine of *res ipsa loquitur* applies only in actions for injury by negligence where no proof of negligence is required beyond the accident itself, which is such as necessarily to involve negligence.

2. PERSONAL INJURIES—*Master and Servant—Requisites of the Proof.*—When a servant seeks to recover damages of his master for a personal injury, resulting from defects in the machinery of an elevator furnished for his use, the burden of proving the negligence alleged rests upon the servant. Mere proof of the accident or injury does not shift the burden of proof on the master, and require him to show that the injury did not result from his negligence.

**Action in Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded on rehearing. Mr. Justice SHEPARD dissenting. Opinion filed July 11, 1899.

Viles v. Stantesky.

**Statement.**—May 24, 1895, appellee was in the employ of appellants. He was in charge of and operating what is called a hand elevator. The only force or power used or applied, aside from gravitation, was that of a man or of men by pulling a rope. This elevator ran but one story, that is, from the first or ground floor to the second floor. At the time when appellee was injured he ran the elevator up to the second floor and there stopped it even with that floor. He then loaded it. He says that as he stepped onto it the elevator started down. In some unexplained manner, and before the elevator reached the first floor, the appellee was out onto the first floor with his leg under the elevator so that it was caught and injured by the elevator as it reached that floor. That was between three and four o'clock P. M. After that time, and up to five o'clock, the elevator was used and operated by other employes of appellants. Appellee had been in the employ of appellants in and about the premises and the elevator most of the time for some fifteen years. He had been in the immediate charge of and been operating the elevator from the 14th day of May to the day he was injured. The elevator was used continuously thereafter and without repair, so far as this record shows.

The jury returned a verdict against appellants for the sum of $4,235. Appellee having remitted the sum of $1,735, the trial court overruled the motion for a new trial and entered judgment for $2,500. There are some contested questions of fact to which reference will be made in the opinion following.

JOHN A. POST and O. W. DYNES, attorneys for appellants; CHARLES B. STAFFORD, of counsel.

JONES & LUSK, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

Appellee was injured by having his leg caught under a loaded hand elevator while he was in the employ of appellants. As stated in argument by appellee's counsel, " The

declaration alleges unsafe and insecure construction—and unsafe condition and repair" of said elevator. There is no other charge in the declaration upon which to base a recovery.

There is no testimony which would warrant a recovery upon the averment as to the alleged "unsafe and insecure *construction*" of said elevator. It had been constructed and in use in the same place during all the time appellee had worked there. No one testifies that the elevator was unsafe and insecure in its construction. Neither does any one testify that appellee was injured by reason of its faulty construction.

If, then, appellee is entitled to recover upon the declaration in this case, it must be because of the "unsafe condition and repair" of the elevator in question. Counsel for appellee contend that "the doctrine of *res ipsa loquitur* applies." Bouvier, after giving the translation of this Latin quotation as "the thing speaks for itself," says it is "a phrase often used in actions for injury by negligence when no proof of negligence is required beyond the accident itself, which is such as necessarily to involve negligence."

It will not be contended that this is a case in which "no proof of negligence is required beyond the accident itself."

In Wabash R. R. Co. v. Farrell, Legal News, February 4, 1899, p. 199, the rule is very clearly stated as follows: .

" When a servant seeks to recover damages of his master for a personal injury resulting from defects in the machinery of a car furnished for use, the burden of proving the negligence alleged rests upon the servant. Mere proof of the accident or injury does not shift the burden of proof on the master and require him to show that the injury did not result from his negligence."

It is difficult to discover from appellee's own testimony, or from all the testimony in the case, whether there was negligence, and if so, whose negligence caused the injury. Appellee says that he ran the elevator up to the second floor, loaded it, stepped onto it with a truck in his hand, "and" (using his language) " at the same moment something broke

and the elevator fell right down." If he means to say that some part of the elevator broke, we will only say that the testimony shows beyond question that he is mistaken.

Appellee says that the truck which he held in his hand pulled him down and he fell; that the elevator was standing still, even with the floor, when he stepped onto it, and that "it just come down very fast." It is stated that the second floor is fifteen feet above the lower floor. The second floor, with the joists and supports, must have occupied, say one foot, so that to have an opening four feet in length this elevator must have gone down five feet. If the appellee fell or jumped from the elevator at that point, the elevator had ten feet further to run and the appellee had the same distance to fall. At whatever point appellee jumped or fell from the elevator, he and the elevator had the same distance to go to reach the first floor. He says that " as the truck fell down and pulled me down, I must have come down quicker than the elevator dropped, and as there was a space under the elevator, my leg must have gotten there." He would not fall any faster than a loaded elevator car would if it were unchecked and unrestrained. This elevator car, with its load, could not have been freed from restraint as it would have been if the connections had broken. It can not be that " it came down very fast," as stated by appellee. If so, it would have been a physical impossibility for appellee to have got his foot under it in the manner described.

It does not appear that the appellants, or either of them, or any persons other than fellow-servants were present when the elevator fell or after appellee run it to the second floor and before it fell. One witness testified that there was another man on the elevator with appellee at the time appellee was injured; also, that appellee jumped off the elevator. This' is denied by appellee. If there was another man, then he may have pulled the rope and started the elevator car.

It also appears in the testimony that there was nothing broken about the elevator; that it was used after the same

day without repairs, and that no repairs were needed.  In the examination of appellee these questions and answers appear, viz.:

Q.   " Do you know what started the elevator ? "   A.   " I don't know; I can not tell.  I could not tell when it fell with me what happened."

Q.   " Did you ever find out what made the elevator fall ? " A.   " No."

We are at a loss to discover wherein negligence can be imputed to appellants.  This is not a case in which the doctrine of *res ipsa loquitur* should be applied.  For a discussion of this doctrine see Albany Law Journal, January 21, 1899, p. 145, and 10 Central Law Journal, p. 261, and cases cited.

The testimony does not sustain the averment of the declaration as to any "unsafe condition and repair" of the elevator.  There can be no recovery unless that averment is sustained.  As between the appellee and appellants, the injury to appellee must be regarded as an accident rather than as the result of negligence for which appellants are responsible.

The judgment of the Superior Court is reversed and the cause remanded.

MR. PRESIDING JUSTICE FREEMAN.

Upon the petition for rehearing, I concur in the result, although I do not fully agree with the reasoning of the foregoing opinion.  The judgment of the Superior Court is therefore reversed and the cause remanded.

Mr. Justice SHEPARD dissents.